IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Hitesh Shah,<br><br>      Plaintiff,<br><br>  v.<br><br>Walmart Stores, Inc., Shannon Pukl, and Jenney Hendon,<br><br>      Defendants. | Case No. 3:21-cv-50277<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hitesh Shah brings this employment discrimination action against his former employer and two individuals. All three Defendants move the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, that motion [23] is granted in part and denied in part.

**I.    Background**

The following background is taken from Shah's complaint. At this stage, the Court must accept his factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Shah was hired by Walmart sometime around June 9, 2007. He later became a staff pharmacist. He worked at Walmart for almost thirteen years until Walmart terminated his employment on April 6, 2020. The next day, he filed a complaint with the Illinois Department of Human Rights and the Equal

1

Employment Opportunity Commission (EEOC).[1] On July 8, 2021, the EEOC issued a dismissal and notice of a right to sue within ninety days. Shah then filed this action on July 12, 2021.

Shah is an Asian male and was forty-one years old at the time of his termination. He alleges that he has a disability, and that Defendants were aware of his disability and nevertheless denied his request for a reasonable accommodation. He does not allege the nature of his disability or the requested accommodation. He further alleges that he complained about discriminatory treatment, and that he was later subjected to higher performance standards, increased scrutiny, and lower performance evaluations as a result. He also asserts that he was denied breaks because of his complaints. Although he asserts that he has numerous emails and voicemails from witness, he does not include any factual allegations based on the content of that evidence, nor does he attach any of it to the complaint. Instead, he only attached his filing with the EEOC, the cross-filing notice of receipt from the Illinois Department of Human Rights, the subsequent dismissal and right to sue letter from the EEOC, and what appears to be an email chain about a gift card issue. The Court is unaware how the messages regarding gift cards are relevant to this case, and Shah has not provided any allegations or context to make that clear.

From this, Shah brings this employment discrimination action against Walmart and two of its employees, Shannon Pukl and Jenney Hendon. He does not

---

[1] In his complaint in this Court, Shah alleges that he was discriminated against on every basis: race, color, sex, religion, national origin, age, and disability. In his EEOC charge, however, he did not allege discrimination on the basis of his color or religion.

explain how the two individual defendants were involved in any of the allegedly wrongful conduct.

## II. Analysis

Under Rule 8, a plaintiff need only plead a short and plain statement of the claims presented, the relief sought, the basis for the court's jurisdiction, and sufficient factual allegations to raise the plausible inference that the defendant is liable for the conduct complained of. Fed. R. Civ. P. 8(a); *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (quoting *Iqbal*, 556 U.S. at 678). Furthermore, the Court is required to construe *pro se* complaints liberally. *Kaminski*, 23 F.4th at 776.

Defendants here make several arguments in favor of dismissing Shah's complaint. They first contend that Shah failed to state a claim because most of the complaint amounts to legal conclusions. The rest, Defendants contend, is mere nonsense. As an extension of the first argument, Defendants next contend that Shah engages in shotgun pleading because he has checked virtually every box available on his form complaint. Dkt. 24, at 6. Additionally, Defendants contend that Shah failed to exhaust his administrative remedies as to some claims, and he furthermore failed to include the individual defendants in his EEOC charge. *Id.* at 8–10. Lastly, Defendants contend that Shah's claims against Shannon Pukl and Jenney Hendon must be dismissed because Title VII, the ADA, and the ADEA do not provide for individual liability. *Id.* at 10–11.

### A. Exhaustion of administrative remedies

Defendants contend that the Court should at least partially dismiss Shah's complaint for failure to exhaust administrative remedies. Shah filed a claim with the EEOC and the Illinois Department of Human Rights. He attached the complaint and the resulting right to sue letter to his complaint. Dkt. 1, at 7, 10. Defendants, however, contend that Shah's EEOC charge did not include the full scope of the claims he brings in this suit.

Shah's EEOC charge indeed contains differences from his suit in this Court. First, he did not name any individuals. He also did not allege discrimination based on color or religion, as he has done here. And his EEOC charge does allege any facts related to his termination or any harassment. Instead, the EEOC charge alleges that he has a disability (though it doesn't say what that disability is), that Walmart was aware of it, that he requested an accommodation (though he doesn't say what accommodation), and that Walmart refused his request for an accommodation. He also alleges in the EEOC charge that he was treated differently than other employees after complaining about what he perceived to be discriminatory behavior. He explains that he was held to a different performance standard, denied breaks, and was then given lower performance reviews.

Failure to exhaust administrative remedies is an affirmative defense, which often renders dismissal inappropriate. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations.");

*Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense, which is the defendant's burden to prove."). In some cases, however, dismissal at the pleading stage is appropriate because the plaintiff has included allegations or attachments that establish the defendants' entitlement to the affirmative defense. *Walker v. Thompson*, 388 F.3d 1005, 1009 (7th Cir. 2002).

Because EEOC charges are typically submitted by lay persons, the charge need not allege "each and every fact that combines to form the basis of each claim in [the federal court] complaint." *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018). To determine whether the conduct alleged in the EEOC charge is sufficient to exhaust administrative remedies, the court must analyze whether it is reasonably related to the claim presented in the plaintiff's federal court complaint. *Id.* (quoting *Dear v. Shinseki*, 578 F.3d 605, 609 (7th Cir. 2009)). Indeed, if the EEOC charge and the federal complaint "describe the same conduct and implicate the same individuals," so that the allegations would reasonably have led to the EEOC investigator to discover the conduct complained of in the federal claim, then the claim has been exhausted. *Id.* But "[w]hen an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994).

5

The EEOC charge establishes that Shah did exhaust his administrative remedies as to some claims. His EEOC charge alleged disability discrimination and retaliation. Though not thorough, his EEOC charge statement also referenced discrimination on the basis of his sex, age, race, and national origin. That is enough to prompt an EEOC investigator to further examine these assertions. The same can be said of Shah's claim that he was discriminated against when Walmart terminated his employment. Though he didn't outright allege improper termination in his EEOC charge, he indicated that the discrimination took place between April 6 and April 6. In other words, he alleged that the discrimination took place on the day he was fired.

Other claims brought in this Court have not been exhausted by the EEOC charge. Shah checked all the boxes in his federal complaint. Notwithstanding that he worked for Walmart, he claimed that Walmart failed to hire him. The EEOC charge does not come close to mentioning a failure to hire. And even if Shah plausibly alleged a failure to hire claim in this Court (he has not), it is not reasonably related to anything in his EEOC complaint because declining the opportunity to hire a candidate is a "wholly independent" employment decision. *Sauzek v. Exxon Coal USA*, 202 F.3d 913, 920 (7th Cir. 2000). Shah also brings a claim that Walmart discriminated against him because of his religion. But he expressly omitted that claim from his EEOC charge. The charging form includes a checkbox to select discrimination based on religion. Shah chose not to check that box. And though the Court doesn't rest solely on the failure to check the box, the

EEOC charge contains no facts that could reasonably alert the EEOC investigator to the possibility of religious discrimination. *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 527–28 (7th Cir. 2003) (explaining the same in the context of age discrimination).

Thus, although Shah has exhausted his administrative remedies on some claims, he has not exhausted his administrative remedies on his failure to hire and religious discrimination claims. Thus, the Court dismisses those claims without prejudice.

### B. Sufficiency of the allegations and shotgun pleading

Defendants next contend that the Court should dismiss Shah's complaint as a shotgun pleading that nevertheless contains bare, unsupported allegations and legal conclusions. The Seventh Circuit's recent decision in *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774 (7th Cir. 2022) provides helpful guidance. In that case, the Seventh Circuit affirmed the district court's dismissal of a *pro se* employment discrimination suit that had failed to plead sufficient factual allegations. In doing so, the court reiterated that plaintiffs need not prove their case in the complaint. They need only allege facts sufficient to raise the plausible inference of liability. But that requires more than merely concluding that wrongful discrimination occurred:

> At a high level of generality, all agree Kaminski alleges she lost her job because of her age, race, and national origin. But Rule 8 requires more. Beyond saying Elite Staffing wrongfully discharged her, Kaminski includes no factual allegations directly or indirectly connecting the termination with her national origin, age, or race. It is not enough for the complaint to observe only that federal law prohibits adverse employment actions on those grounds. There must be some *facts* that make the wrongful discharge contention plausible.

*Kaminski*, 23 F.4th at 776. A plaintiff need not plead facts support each element of a prima facie employment discrimination claim. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). But a plaintiff must plead facts sufficient to establish a plausible connection between the adverse employment action and the plaintiff's protected class.

Defendants contend that Shah's form complaint fails to include sufficient well-pleaded factual allegations to state a claim. They further fault him for engaging in shotgun pleading. Indeed, Shah has checked virtually every box in the form complaint. This type of shotgun pleading often results "in a morass of irrelevancies" that renders a complaint unintelligible and nearly impossible for a defendant to respond to. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). Shah's form complaint, however, is not a lengthy morass of irrelevant distractions. On the contrary, it is an exceedingly short complaint. The "shotgun" aspect of the complaint is simply the fact that Shah chose to check every box, which sometimes results in impossibilities. Thus, the Court declines to summarily dismiss Shah's complaint as a shotgun pleading, but his complaint nevertheless cannot state a claim under each box that he has checked.

Shah checked the box for all the available claims on the Court's standard *pro se* form for filing an employment discrimination action. Some of these claims are supported by sufficient factual allegations, others are not. For example, he contends that Walmart failed to hire him. Yet, he also contends that Walmart hired him. Dkt. 1, at 4, 7. The inconsistency is not explained in Shah's complaint. And that omission

8

renders the claim implausible. Indeed, it is nearly impossible given his approximately thirteen year tenure. The Court has already held that he failed to exhaust his administrative remedies on this claim, but he has also failed to state a plausible failure to hire claim. Next, he contends that Defendants failed to promote him. But he offers no allegations that he every applied for a job that he did not get. Indeed, his allegations imply that he was hired by Walmart into a lesser position and then promoted into the role of staff pharmacist. Thus, he has not alleged a plausible failure to promote claim because Shah has merely checked the box and offered nothing in support. Like in *Kaminski*, merely observing that federal law prohibits an action is not the same as alleging facts to render a claim plausible. *Kaminski*, 23 F.4th at 776. The Court dismisses those two claims without prejudice.

Reading Shah's complaint liberally, however, he has stated claims for disability discrimination, retaliation, and harassment. He alleges that he experienced discrimination in the workplace and that, after he complained, he was treated differently than coworkers by being held to a higher performance standard. He further alleges that he requested a reasonable accommodation for this disability, and that the accommodation was denied. This is clearly enough for a *pro se* plaintiff to allege disability discrimination and retaliation. Though a close call, the Court holds that it is also enough to plead harassment because Shah asserts that he was treated differently, and he names the individuals that he believes harassed him.

Shah also contends that his employment was terminated because of his protected status. Unlike in *Kaminski*, Shah's complaint alleges enough factual

9

support to supply a reasonable inference that he was terminated indirectly because of a protected status. As noted above, he alleges that he was subjected to different performance standards. He further alleges that that disparate treatment led to lower performance reviews. Given that allegation, it is a reasonable inference that his lower performance reviews led to his termination. At this stage, that is enough for a *pro se* plaintiff to plausibly allege discriminatory termination.

### C. Individual Defendants

Defendants lastly argue that the Court should dismiss the individual defendants because federal employment discrimination law does not provide for individual liability. Dkt. 24, at 10–11. Defendants are correct. *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015) (no individual liability under the ADA); *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (no individual liability under the ADEA); *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (no individual liability under Title VII). Thus, the Court dismisses Defendants Shannon Pukl and Jenney Hendon without prejudice.

### III. Conclusion

For the reasons explained above, Defendants' motion to dismiss is granted in part and denied in part. If Shah believes he can repair the errors outlined above, he may amend his complaint by June 30, 2022. If he declines the opportunity to amend, all dismissals will become with prejudice. For clarity, the Court reiterates its holdings:

1) The Court dismisses Shah's failure to hire claim without prejudice for failure to exhaust administrative remedies;

2) The Court dismisses Shah's religious discrimination claim without prejudice for failure to exhaust administrative remedies;

3) In addition to the failure to exhaust dismissal, the Court also dismisses Shah's failure to hire claim without prejudice for failure to state a plausible claim;

4) The Court dismisses Shah's failure to promote claim without prejudice for failure to state a plausible claim;

5) The Court denies Defendants' motion to dismiss Shah's claims of disability discrimination, harassment, and retaliation;

6) The Court denies Defendants' motion to dismiss Shah's claim that he was wrongfully terminated;

7) The Court dismisses Defendants Shannon Pukl and Jenney Hendon from this action without prejudice.

Date: May 31, 2022

_____
Honorable Iain D. Johnston
United States District Judge